UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON


UNITED STATES OF AMERICA

v.                              CRIMINAL ACTION NO. 2:04-00219

TONY REDMAN


SUPERVISED RELEASE REVOCATION AND JUDGMENT ORDER
MEMORANDUM OPINION AND ORDER


On November 23, 2015, the United States of America appeared by Timothy D. Boggess, Assistant United States Attorney, and the defendant, Tony Redman, appeared in person and by his counsel, Philip B. Sword, for a hearing on the petition on supervised release and amendment thereto submitted by United States Probation Officer Joseph Black.  The defendant commenced a six-year term of supervised release in this action on March 27, 2015, as more fully set forth in the Judgment Including Sentence Under the Sentencing Reform Act entered by the court on June 14, 2005.


The court heard the admissions of the defendant and the representations and argument of counsel.

For reasons noted on the record of this proceeding, which are ORDERED incorporated herein by reference, the court found that the defendant has violated the conditions of supervised release in the following respects:  (1) the defendant committed the state offense of grand larceny inasmuch as on or about August 20, 2015, he was captured on video surveillance stealing a tool box with various hand tools, a cordless drill, and three coin vaults that valued well over $1,000, as evidenced by the defendant's admission on the record of the hearing that the government possesses sufficient proof to prove the offense by a preponderance of the evidence; (2) the defendant left the judicial district without permission on July 27, 2015, inasmuch as he traveled to South Point, Ohio, without the probation officer's permission, the defendant having admitted to the probation officer on July 29, 2015, that he had done so; (3) the defendant used and possessed controlled substances as evidenced by a positive urine specimen submitted by him on April 22, 2015, for marijuana, the defendant having admitted to the probation officer on April 28, 2015, that he had smoked marijuana; the defendant's admission to the probation officer on July 15, 2015, that he had used marijuana and two Ativan pills without a valid prescription in June 2015; a positive urine specimen submitted

by him on July 29, 2015, for marijuana, the defendant having
admitted to the probation officer that same date to smoking
marijuana and synthetic marijuana; the defendant's admission to
the probation officer on July 27, 2015, that he had ''flushed''
his system to avoid detection of illegal substances; and the
defendant's admission to the probation officer on September 29,
2015, that he had used heroin on September 27, 2015, and
marijuana on September 28, 2015; (4) the defendant associated
with a person convicted of a felony without permission inasmuch
as on June 25, 2015, he was observed using a fake penis during
urine collection, and on July 15, 2015, the defendant admitted
to the probation officer that he had borrowed the fake penis
from Reginald Jackson, a convicted felon; and (5) the defendant
failed to make restitution payments as directed by the court
inasmuch as he has failed to make a payment since supervision
commenced on March 27, 2015; all as admitted by the defendant on
the record of the hearing with the exception of (1) as set forth
above and all as set forth in the petition on supervised release
and amendment thereto.

And the court finding, as more fully set forth on the
record of the hearing, that the violations warrant revocation of

3

supervised release and, further, that it would unduly depreciate the seriousness of the violations if supervised release were not revoked, it is ORDERED that the supervised release previously imposed upon the defendant in this action be, and it hereby is, revoked.

And the court having complied with the requirements of Rule 32(a)(1)(B) and (C) of the Federal Rules of Criminal Procedure, and finding, after considering the factors set forth in 18 U.S.C. § 3583(e), that the defendant should be confined to the extent set forth below, it is accordingly ORDERED that the defendant be, and he hereby is, committed to the custody of the United States Bureau of Prisons for imprisonment for a period of TWELVE MONTHS AND ONE DAY, to be followed by a term of five (5) years less one day of supervised release upon the standard conditions of supervised release now in effect in this district by order entered June 22, 2007, and the further condition that the defendant not commit another federal, state or local crime and the special condition that he participate, immediately upon completion of his prison sentence, in an inpatient residential drug treatment program such as Recovery Point for a period of ten (10) months and follow the rules and regulations of the

4

facility in drug abuse counseling and treatment as directed. The defendant shall continue to participate in drug abuse counseling and treatment once released from inpatient treatment as directed by the probation officer.

The defendant was remanded to the custody of the United States Marshal.

Recommendation:  The court strongly recommends that the defendant be designated to a medical institution as soon as feasible and receive the benefit of a medical evaluation and treatment.

The Clerk is directed to forward copies of this written opinion and order to the defendant, all counsel of record, the United States Probation Department, and the United States Marshal.

DATED:  November 24, 2015

John T. Copenhaver, Jr.
United States District Judge

5